IRENE LINADO, Petitioner, *v.* SAMUEL LINADO, Respondent.

Domestic Relations Court of New York, Family Court, Bronx County,
November 14, 1939.

*Andrew Portoghese,* for the petitioner.

*Seymour M. Jacklin,* for the respondent.

PANKEN, J.   The petition alleges that respondent and petitioner were married on or about February 9, 1935, and that the issue of such marriage is now about three and one-half years of age.   It is further alleged that respondent has failed to support his wife and child since September 5, 1939.

The testimony in the case sustains the allegations in the petition as to the marriage, the issue and that the respondent has failed to make contribution for the support of his wife and child.   Petitioner testified that during the six months prior to the hearing she had received off and on about twenty-five dollars.   She is not gainfully employed and is wholly dependent upon her husband for her support and that of the child.

On cross-examination by respondent's counsel petitioner testified as follows: " Q. I understand that you claim here that your husband's marriage to you was bigamous?   A. Yes.   Q. Is that so? A. Yes."   That is the extent of the cross-examination.   There was no testimony submitted on behalf of the respondent in controversion of the proof adduced on behalf of the petitioner.

At the conclusion of the hearing respondent's counsel moved to dismiss the petition on the ground that the court had no jurisdiction in the matter, the basis for the motion resting upon the statement of the petitioner that her marriage to the respondent was bigamous and, therefore, void *ab initio.*

It must be found as a matter of fact that a marriage was consummated between the parties before me.   That has been testified

to by the petitioner and has not been contradicted by the respondent. There has been no proof submitted upon which it can be found as a matter of law that the marriage entered upon between the parties in February, 1935, was void from its inception. The mere statement by the witness that the marriage so contracted and consummated was bigamous is a conclusion on the part of the witness rather than proof of such a fact. The sanctity of the marriage contract cannot be vitiated by a mere statement of one or the other party to the contract that there was no capacity to enter upon same. Public policy militates against disregarding the existence of a marital relationship consummated in accord with the law governing such relationship unless proof is adduced in negation of its existence. No such proof has been submitted to me in this case.

It has been held that where the legitimacy of a child is questioned on the ground that one of the conceded parents was party to a prior marriage, the presumption favors legitimacy. That presumption is one of the strongest known to the law and is sufficient for an adjudication of legitimacy in the absence of clear and irrefragable proof of every fact necessary to defeat or escape it. (*Matter of Biersack*, 96 Misc. 161.)

The legitimacy of a child depends upon the marital relationship of its parents. The presumption of a valid marriage between the parents is as strong as that of the legitimacy of the child. To upset such marriage, proof controverting every fact necessary to defeat the marriage or escape its consequences must be submitted.

Whether a marriage was bigamous or not is a mixed question of law and fact. The mere statement that a marriage was bigamous clothes the person making it with a power to determine what constitutes an invalid marriage. The validity of a marriage, when assailed, is a matter for the courts to judicially determine.

In the absence of any proof to the contrary that the respondent is unable to answer for the support of his wife and child, there is a presumption that he is able so to do. The testimony herein disclosed that the respondent had supported his wife and child while they were living together. There is also proof as to his earning capacity.

Even if the marriage was invalid the respondent is answerable for the support of the child.

I conclude upon all of the evidence before me that respondent is answerable for the support of both his wife and child. This tribunal, being a court of limited jurisdiction, has no power to determine the validity or invalidity of a marriage except as an incident to the order it is empowered to make for the support of a dependent.