John J. Walsh, J.
This is a proceeding under section 101-a of the Social Welfare Law (eff. April 28, 1960) by a wife to compel support from her husband.
Section 101-a of the Social Welfare Law provides: “A recipient of public assistance or care or a person liable to become in need thereof may bring proceedings in a court of competent jurisdiction against any person responsible for his or her support as provided in section one hundred one of this chapter to compel any such person so responsible to provide for or contribute to such support ’ ’ [italics supplied].
Prior to the enactment of this section, the petitioner could have sought any one of. three remedies: 1. Commenced a civil action for separation and support. 2. Commenced a criminal proceeding under subdivision 1 of section 899 of the Code of Criminal Procedure. 3. Made application for public assistance after which the public agency could proceed to compel contribution in a civil proceeding under section 101 of the Social Welfare Law.
Section 101-a of the Social Welfare Law now enables petitioner in her own behalf to bring a proceeding against the respondent rather than be dependent upon a public agency bringing the proceeding.
The petitioner at the hearing established the existence of a valid marriage and that she is likely to be a public charge if the respondent does not provide or contribute toward her support. The petitioner failed to submit any probative evidence of the respondent’s financial ability to respond to her for support and at the conclusion of the petitioner’s case respondent moved to dismiss the petition as a matter of law.
Respondent points to section 101 of the Social Welfare Law and in particular to the fact that such section declares that a husband is responsible for the support of his wife “if of sufficient ability” and that this requires affirmative proof by the petitioner as to the financial ability of the respondent.
Petitioner contends that the duty rests upon the respondent to establish his inability to support his wife and that petitioner is only required to show a valid subsisting marriage and a danger of becoming a public charge.
*43 Petitioner contends that there is a statutory presumption in section 916 of the Code of Criminal Procedure to the effect that “ The relatives served with such notice shall be deemed to be of sufficient ability, unless the contrary shall affirmatively appear to the satisfaction of the court or a judge thereof.”
Once the marriage is established and the failure to support, the husband is presumed to be financially able to respond in such support. (Linado v. Linado, 172 Misc. 782; Zy v. Zy, 13 N. Y. S. 2d 415.) Motion to dismiss petition denied.